## Salvatora D. Giardino v. H. W. Crabbs.

1. PRACTICE—*Waiver of Instructions to Find for the Defendant.*—A motion at the close of plaintiff's evidence to instruct the jury to find the issues for the defendant is waived by the introduction of evidence in defense and the submission of the case to the jury without renewing the motion.

2. VERDICTS—*On Conflicting Evidence.*—In this case there was a sharp conflict in the testimony, with a seeming preponderance in plaintiff's favor, and this court holds that the verdict of the jury must be regarded as settling the rights of the case.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

T. F. MONAHAN, attorney for appellant; JOHN J. SWENIE, of counsel.

THEO. PROULX, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action for goods sold and delivered.

There was no controversy over the amount due, and the only defense was that the defendant was not liable; that in the dealing she acted in behalf of another, with the knowledge of plaintiff. Judgment for the plaintiff and against the defendant was rendered upon the verdict for $454.47, the full amount claimed.

Whether the verdict and judgment should stand depends upon whether the verdict was sustained by the evidence under the law.

No instructions were given or asked upon either side, except the appellant moved, when the plaintiff rested his case, that the jury be instructed to find the issues for the defendant—which was refused.

There was no error in such ruling. The evidence for the plaintiff clearly made a *prima facie* case for him; and, moreover, the appellant did not abide by her motion, but proceeded to introduce evidence in defense, and submitted the case to the jury without renewing the motion. By so doing appellant waived her right to claim error in the ruling. Goldie v. Werner, 151 Ill. 551.

There was a sharp conflict in most of the material evidence, with a seeming preponderance in plaintiff's favor, and the verdict of the jury must be regarded as settling the rights of the case. There was no error in law, and the judgment is affirmed.